**UNICON FINANCIAL SERVICES, INC., a California corporation, Plaintiff—Appellant,**

v.

**INTERCEPT, INC., an entity of unknown formation, Defendant—Appellee.**

No. 06–55268.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Nov. 26, 2007.

Timothy T. Coates, Esq., Tillman J. Breckenridge, Esq., Greines Martin Stein & Richland, LLP, John M. Moscarino, Esq., Moscarino & Connolly LLP, Los Angeles, CA, for Plaintiff–Appellant.

G. Cresswell Templeton, III, Esq., Hill, Farrer & Burrill LLP, Los Angeles, CA, for Defendant–Appellee.

Before: FARRIS and PAEZ, Circuit Judges, and CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## MEMORANDUM **

This is an appeal from a summary judgement ruling in InterCept's favor on Unicon's breach of contract and declaratory judgment claims. This case was removed from state court based on diversity of citizenship. 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. This court has appellate jurisdiction under 28 U.S.C. § 1291, and reviews *de novo* the district court's grant of summary judgment. *Arboireau v. Adidas–Salomon AG*, 347 F.3d 1158, 1162 (9th Cir.2003).

The district court concluded Unicon failed to produce evidence raising a triable issue of fact as to damages—that is, Unicon had not met its burden of showing whether royalties actually accrued after InterCept gave notice that Unicon breached their agreement. Under applicable California law, Unicon had the burden of producing evidence supporting its claim that it sustained damages as a result of InterCept's alleged breach of their contract. *See* Cal. Civ.Code § 3301 ("No damages can be recovered for breach of a contract which are not clearly ascertainable in both their nature and origin."); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir.2000) ("[A] breach of contract claim requires a showing of appreciable and actual damage.") (citing *Patent Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal.App.2d 506, 511, 64 Cal.Rptr. 187 (1967) ("A breach of contract without damage is not actionable.")).

Despite six months of discovery, Unicon did not produce any direct evidence that InterCept actually owed any royalties. Rather, Unicon relied on inferences that it drew from three pieces of evidence. First, Unicon pointed to the deposition testimony of InterCept's vice president, Ken Lemoine. In that testimony, Lemoine stated that InterCept would "most likely" have continued to make royalty payments to Unicon had Unicon not failed to advise InterCept of relevant regulatory changes. Unicon infers from this evidence that if Lemoine would have "most likely" continued to make royalty payments there still must have been subscribers for whom royalty payments would have been owed. Applying similar logic, Unicon also cited two letters from InterCept: a May 15, 2002 letter enclosing a royalty check for payments due to Unicon through March 31, 2002; and the August 22, 2002 termination letter. With respect to the payment letter, Unicon argues that if subscribes existed through March 31, 2002, subscribers likely continued to renew their software subscriptions after March 31, 2002. With respect to the termination letter, Unicon contends that InterCept's failure to state explicitly that subscribers no longer existed raises a reasonable inference that such subscribers did exist and that royalties continued to be owed. According to Unicon, these three evidentiary items raise a triable issue with respect to whether Unicon suffered damages.

We agree with the district court that InterCept's letters and Lemoine's deposition were insufficient to support a reasonable inference that InterCept owed Unicon any royalties. The termination letter simply states that InterCept will not pay further royalties to Unicon; the letter does not acknowledge that any royalties were owed or will accrue in the future. Lemoine's testimony does not support an inference that royalties actually continued to accrue after March 30, 2002, or that Unicon suffered appreciable damages. Inter-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cept's cover letter with the final royalty payment through March 30, 2002, does not support a reasonable inference that past RiskReporter customers continued to renew their software subscriptions after March 31, 2002. Unicon speculates that royalties continued to accrue. This limited record is insufficient to show that Unicon actually suffered damages as a result of InterCept's purported breach of contract. Summary judgment for InterCept was therefore appropriate. *See Nelson v. Pima Comty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Unicon also failed to show that InterCept continued to license RiskReporter products after March 30, 2002; and the agreements at issue have expired. Accordingly, the district court did not err in granting summary judgment against Unicon on its claim for declaratory judgment concerning the parties' future rights.

**AFFIRMED.**

